COBB, Judge,
concurring in part as to the rationale and concurring in the result.
I concur fully as to Issues II and III of the unpublished memorandum. I concur in the result only as to Issue I, for the reasons stated below.
Luther Allen Smith was convicted of two counts of murder made capital because it was committed during the course of a burglary. § 13A-5-40(a)(4), Ala.Code 1975. The trial court denied Smith’s challenge for cause of veniremember L.P. even though L.P. had informed the court that she was personal Mends with members of the victim’s family and she had expressed concern that her relationship with the victim’s family might prevent her from rendering a fair verdict. For the reasons expressed in my special writing in Bowman v. State, 875 So.2d 1231 (Ala.Crim.App.2003)(Cobb, J., concurring in the result), I believe that L.P.’s answers to questions propounded to her established probable prejudice and that the trial court should have granted the challenge for cause. However, because Smith exercised a peremptory challenge and removed L.P. from the venire, the trial court’s error was harmless. Clearly, the better practice in a case such as this one, where a venire-member repeatedly expresses concerns that he or she might not be able to give the accused a fair trial, is to grant the challenge for cause.